UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES, | Case No. 4:10-cr-00047-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| KRISTOPHER K. CONVERSE, | |
| Defendant. | |

## INTRODUCTION

Before the Court are two letters from Defendant Kristopher Converse asking the Court to clarify that his federal sentence should run concurrently with a state sentence. *See* Dkts. 167, 168. The Court does not have authority to either modify its judgment or to grant or compute sentence credits and will therefore deny the request.

## BACKGROUND

Mr. Converse is a federal inmate at FCI Florence, Colorado. He pleaded guilty to a drug conspiracy charge, and in February 2011 this Court sentenced him to 90 months' incarceration. *See Plea Agreement,* Dkt. 48; *Plea Hearing Minutes,* Dkt. 57; *Judgment,* Dkt. 84.

At the time of sentencing, Converse was facing probation violations – based on conduct related to the offense in this case – in two Idaho state court cases. In one of these cases, the state court had previously sentenced Converse to two to five years in prison, and in the other, Converse had received a three-to-seven-year sentence. *See*

*Feb. 7, 2011 Presentence Investigation Report ("PSR")* ¶¶ 52, 54. Both state sentences were imposed in 2007, and both state prison terms were suspended following periods of retained jurisdiction. *See id.*

Converse was arrested in November 2009. He had not been federally indicted at that time, but an arrest warrant for a probation violation had issued in one of the state court cases mentioned above. *See id.* ¶ 52. Converse was apparently held in Bannock County Jail beginning in November 2009, and the Court is presuming he remained there until February 2011, when this Court imposed sentence. *See id.* at 1.

In March 2011, roughly two weeks after this Court imposed sentence, the state court sentenced Mr. Converse on the probation violations. In both cases, the previously suspended prison sentences (two to five years and three to seven years) were imposed. Converse says he thought his federal and state sentences were intended to be served concurrently. This Court, however, did not order Converse's federal sentence to be served concurrently with any anticipated state sentences. Further, other than Converse's assertion that he thought his federal and state court sentences would run concurrently, there is no evidence before the Court indicating that the state court intended the sentences to run concurrently with the federal sentence.

In any event, according to the Bureau of Prisons' (BOP) calculations, Converse's federal sentence began on April 11, 2012. BOP calculated that Converse would complete his federal custody term on November 30, 2017, but Converse was charged with escape, and on February 30, 2018, this Court sentenced Converse to 12 months plus one day in a separate case. *See United States v. Converse,* Case No. 4:17-cr-285-

BLW (D. Idaho). Thus, as of this writing, Converse remains incarcerated.

## DISCUSSION

Converse raises two issues. First, he believes his federal sentence should have been served concurrently with the sentences imposed by the state court in March 2011. Second, he argues that, at a minimum, he should get credit for a portion of the time he served in Bannock County Jail, *i.e.,* after he was federally indicted and before the state court or federal court imposed sentence.

Credit for prior custody is addressed in 18 U.S.C. § 3585(b), which states:

> **(b) Credit for prior custody.** – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). It is well established, however, that federal district courts cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). This authority belongs to the Attorney General, and he has delegated that authority to the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 333 (1992). Review of the execution of a sentence – including a claim for credit against a federal sentence – may be had through a petition for writ of habeas corpus under 28 U.S.C. § 2241, although such a writ "can only issue from a court with jurisdiction over the prisoner or

**MEMORANDUM DECISION AND ORDER - 3**

his custodian." *United States v. Gidding*, 740 F.2d 770, 772 (9th Cir. 1984). A § 2241 petition must be heard "in the custodial court," which in this case would be the District of Colorado. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Further, a prisoner who wishes to appeal a decision by BOP must seek administrative review of the computation or denial of credits, 28 C.F.R. § 542.10 to 542.16 (1997), and when he has exhausted all administrative remedies he may then seek judicial relief under 28 U.S.C. § 2241. Exhaustion requirements may be waived in certain circumstances. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) (exhaustion may be waived where pursuit of such remedies would be futile or irreparable injury would result).

Converse does not allege that he has exhausted his administrative remedies. Further, as noted, if Converse wishes to challenge the execution of his sentence, he would need to file a § 2241 petition in the District of Colorado.

Converse could presumably ask the Bureau of Prisons to enter a *nunc pro tunc* designation as to the place of incarceration, which could theoretically accord him the relief he is seeking. Under 18 U.S.C. § 3621(b), the Bureau of Prisons designates the place of imprisonment, and it can choose to designate a state prison as the place where an inmate will be incarcerated to serve his federal sentence. *See* 18 U.S.C. § 3621(b); *Dept. of Justice, BOP, Program Statement 5160.05: Designation of State Institution for Service of Federal Sentence ("BOP Program Statement")*, ¶ 9(b)(4). Further, BOP may make this designation *nunc pro tunc,* effectively resulting in a concurrent sentence. *See id.; Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) ("Barden's state incarceration can be credited against his federal sentence if the Bureau, *nunc pro tunc*, designates

Rockview [a state institution] as the facility where Barden served a portion of his federal sentence.").

The Court expresses no view as to whether such a request would be successful. The point is that Converse cannot seek relief from this Court.

Finally, the Court will note that to the extent Converse is asking this Court to modify its sentence, the Court has no authority to do so. The Court is prohibited from modifying a term of imprisonment after it has been imposed. *See* 18 U.S.C. § 3582(c). Although there are exceptions to that rule, none apply here. So to the extent defendant is asking this Court to amend its judgment to state that his federal term of imprisonment should be served with a state sentence, the Court will deny the request.

## ORDER

**IT IS ORDERED that** Defendant's letter requests (Dkts. 167 and 168) are **DENIED.**

DATED: April 24, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge